# United States Court of Appeals
## For the First Circuit

No. 19-2047

UNITED STATES OF AMERICA,

Appellee,

v.

DAVID ALEXANDRE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

Robert C. Andrews and Robert C. Andrews Esquire P.C. on brief
for appellant.
Halsey B. Frank, United States Attorney, and Noah Falk,
Assistant United States Attorney, on brief for appellee.

February 25, 2021

**BARRON, Circuit Judge.** David Alexandre ("Alexandre") challenges his conviction in the United States District Court for the District of Maine for possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). He does so based on what he contends was the District Court's error in denying his motion for a hearing under Franks v. Delaware, 438 U.S. 154 (1978), in connection with his motion to suppress evidence uncovered during a search of his home due to alleged false statements and omissions in the affidavit supporting the application for the warrant to conduct that search. We affirm.

## I.

The following facts are uncontroverted on appeal. On February 28, 2018, Trooper David Coflesky of the Maine State Police applied for a warrant to search a residence, outbuildings, and vehicles located at 38 Beech Street in the town of Lyman, Maine. Trooper Coflesky stated in an affidavit supporting the application for the warrant that he believed a search of the residence would uncover evidence "that the occupants of this residence are involved in the Unlawful Trafficking of Schedule Drugs, most notably, crystal methamphetamine."

A Maine state district court granted the application that day. The Maine State Police executed the warrant later that same day and discovered methamphetamine, a firearm, and approximately $2,100 in U.S. currency inside a locked safe that

was in a bedroom in which Alexandre was staying at the 38 Beech Street location.

On September 6, 2018, a federal grand jury in the District of Maine indicted Alexandre for (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (2) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), and (3) possession of a firearm by an unlawful drug user in violation of 18 U.S.C. § 922(g)(3). A little less than four months later, on December 28, 2018, Alexandre moved to suppress the evidence recovered from the search of the 38 Beech Street location pursuant to Franks on the ground that certain "information in [the] application for a search warrant . . . was false and was either intentionally false or included with the search warrant application with reckless disregard for the truth." Alexandre also requested at that time that the District Court convene an evidentiary hearing concerning his Franks challenge.

The District Court denied Alexandre's motion, including his request for the evidentiary hearing. It explained that even if the paragraphs in the affidavit supporting the application for the warrant that Alexandre "assert[s] are false are set aside . . . there is ample evidence to establish probable cause to search the [38 Beech Street] [r]esidence." United States v.

- 3 -

Alexandre, No. 2:18-cr-00133-GZS, 2019 WL 1560424, at *2 (D. Me. Apr. 10, 2019).

The District Court based that determination on other statements in the affidavit by Trooper Coflesky that the District Court determined indicated that law enforcement personnel had:

(1) previously visited and seized methamphetamine from the 38 Beech Street residence on January 7, 2018, id. at *2;

(2) observed, while surveilling the residence around this time, "an increased amount of vehicle traffic" coming and going from the residence with visitors who did not appear to stay at the residence "for long," id.;

(3) discovered a baggie containing what appeared to be methamphetamine at the site of a traffic stop of a vehicle that had been observed "slowing down near the Target Residence and moving towards its driveway" on February 1, 2018, id. at *3;

(4) seized approximately two grams of methamphetamine from a vehicle during the course of another traffic stop near the residence on February 20, 2018, after which the occupants of the vehicle indicated that they were in the area to purchase methamphetamine from a source there but the deal "was delayed by concerns that law enforcement was in the area and had stopped another vehicle departing 38 Beech Street earlier in the evening," id.; and

(5) found "several hypodermic needles, 'snorting straws,' blue baggies with gold crowns (which matched baggies found in connection with [a] February 20, 201[8] methamphetamine seizure), counterfeit money, a discarded cell-phone, and mail addressed to 38 Beech Street" during a "'trash pull' of five trash bags left outside the Target Residence on February 23, 2018," id.

Alexandre, who did not challenge the truthfulness of any of the statements on which the District Court relied in denying his motion under Franks, thereafter entered a conditional plea of guilty pursuant to Fed. R. Crim. P. 11(a)(2) to the charge of possessing a firearm in furtherance of drug trafficking, while reserving his right to appeal the District Court's denial of his motion to suppress and request for a Franks hearing. The remaining counts against Alexandre were dismissed on the government's motion.

The District Court sentenced Alexandre on October 15, 2019, to a five-year prison sentence to be followed by five years of supervised release. The District Court entered judgment that same day, which was also the day that Alexandre filed his notice of appeal.

## II.

We first consider the District Court's response to the aspect of Alexandre's challenge to the denial of his motion for an evidentiary hearing under Franks that depends on his contention

that Trooper Coflesky's affidavit contained "false information that David Alexandre was distributing methamphetamine." In ruling on the motion, the District Court assumed, favorably to Alexandre, that the challenged portions of the affidavit contained such false information. It thus "set [them] aside" and proceeded to evaluate whether "the remaining evidence in its 'totality'" still "establish[ed] probable cause to search the Target Residence." Alexandre, 2019 WL 1560424, at *2 (quoting United States v. Barbosa, 896 F.3d 60, 69 (1st Cir. 2018)).

The District Court determined from that review of the unchallenged remaining portions of the affidavit that they sufficed, at least when considered together, to "generate a 'fair probability' that 'contraband' or other evidence of illegal drug-related activity could be found in the Target Residence." Id. at *3 (quoting United States v. Silva, 742 F.3d 1, 9 (1st Cir. 2014)). For that reason, the District Court denied Alexandre's Franks motion.

In arguing that the District Court erred, Alexandre contends that "[t]he Government need[ed] to establish probable cause that Mr. Alexandre was involved in the distribution of drugs[,] not just that 38 Beech [S]treet was a house involved in the distribution of drugs." For that reason, Alexandre contends that the warrant was not supported by the requisite showing of probable cause, because the affidavit that supported the

application for that warrant contained no "specific information leveling suspicion specifically at him" once the trooper's allegedly false statements were set aside.

As the District Court observed, however, this argument "misapprehends the nature" of the warrant in this case. Id. at *3 n.2. Because the warrant authorized the Maine State Police to search "[t]he residence located at 38 Beech Street," (emphasis added), the supporting affidavit needed only to establish "a fair probability that contraband or evidence of a crime w[ould] be found in [that] particular place," Alexandre, 2019 WL 1560424, at *2 (quoting Silva, 742 F.3d at 9); see, e.g., Zurcher v. Stanford Daily, 436 U.S. 547, 555-59, 556 n.6 (1978) (rejecting "suggest[ion] that to secure a search warrant the owner or occupant of the place to be inspected or searched must be suspected of criminal involvement").

Alexandre separately argues that the District Court erred in denying the Franks motion because Trooper Coflesky's affidavit had "omitted" a key fact -- namely, that the 38 Beech Street residence was operated as a "boarding home," which Alexandre defines as a "home where everyone had a separate room from which others were excluded." According to Alexandre, if the affidavit had included that information, it would have had a "profound effect on what is characterized by Trooper Coflesky as suspicious activity

around 38 Beech Street and how that activity may be viewed for purposes of probable cause."

Arguably, this contention might suffer from the same misapprehension about the nature of the warrant as the one we have just rejected. But, it appears Alexandre is contending that the omission mattered because it would have revealed that 38 Beech Street was a boarding house and that, as such, the affidavit needed to demonstrate some form of "particularized suspicion to each residence [within the boarding home] to be searched and not the building in general" even if the warrant authorized only the search of a place thought to contain evidence of a crime.[1]

But, while an omission in an affidavit, no less than an outright falsehood, can warrant a Franks hearing in some circumstances, see United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012), the District Court supportably determined that Alexandre had failed to demonstrate that any omission "necessary to the finding of probable cause" had been made, id., because he had "point[ed] to no specific evidence in the record that would permit the Court to conclude that the Target Residence was a

---

[1] The government contends that Alexandre waived this aspect of his argument by spelling it out only on appeal, but, for reasons that will soon become clear, we find that we need not address the government's waiver contention or, for that matter, the legal merits of Alexandre's position.

boarding home or any other kind of multi-unit dwelling," Alexandre, 2019 WL 1560424, at *4.

In arguing that this record-based finding was clearly erroneous, Alexandre points out -- and the government does not dispute -- that the evidence in the record established that (1) at least five people were in the 38 Beech Street residence when Maine State Police visited it on January 7, 2018; (2) two of those people "came out of a bedroom" and told law enforcement "that there was another person in the house"; and (3) when police "knocked on that person's door the person answered and identified himself." He also points out that a police report in the record "indicated at least 11 people were living at 38 Beech Street" and that "cars [at the residence were] registered to three separate people."

But, this evidence, which does indicate that several (presumably unrelated) adults were simultaneously living at 38 Beech Street, does not necessarily establish that the residence "was run as a boarding home" in which "everyone had a separate room from which others were excluded." Accordingly, Alexandre has failed to show that the District Court erred -- let alone clearly so -- in determining that Alexandre had made no substantial preliminary showing that 38 Beech Street was a "boarding house" in the sense that he had used that term.

**III.**

For the foregoing reasons, we **affirm** the District Court's denial of Alexandre's motion to suppress and request for a <u>Franks</u> hearing.